# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA A. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1413-R |
| ) | |
| HETRONIC USA, INC., d/b/a ) | |
| HETRONIC METHODE U.S.A., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss. Doc. No. 13. Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

In considering a motion under Rule 12(b)(6), the Court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citation and footnote omitted).

Plaintiff brought suit against Defendants for, inter alia, paying her less than her male counterparts who performed the same or substantially similar job duties in violation of the Equal Pay Act ("EPA"). Compl. ¶¶ 62-64. "To establish a prima facie case of pay

discrimination under the EPA, a plaintiff must demonstrate that … she was performing work which was substantially equal to that of the male employees." *Riser v. QEP Energy*, 776 F.3d 1191, 1196 (10th Cir. 2015) (quoting *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1364 (10th Cir. 1997)). "Work is 'substantially equal' for purposes of the EPA if it requires 'equal skill, effort, and responsibility.'" *Id.* (quoting 29 U.S.C. § 206(d)(1)). "This determination turns on the actual content of the job—not mere job descriptions or titles." *Id.* (citation omitted).

Plaintiff alleges that "she was the only person assigned to batteries," and "she believed she was not being paid the same as her similarly situated male coworkers." Compl. ¶¶ 20, 22. She also alleges that she "received less pay despite performing the same or substantially similar job duties as her male … counterparts." *Id.* ¶ 63. Defendants filed this motion to dismiss asserting, in part, that Plaintiff fails to state a claim for relief under the EPA. Doc. No. 13, at 7-8. They argue that Plaintiff does not allege "what work the 'similarly situated' male employees performed," and that her claim is "self-defeating because [she] claims 'she was the only person assigned to batteries,' therefore, she is without relevant male comparators." *Id.*

In response, Plaintiff seeks leave to amend to allege facts contained in Defendants' EEOC Position Statement, in which Defendants state that "Plaintiff was a Production Tech on the assembly line," that "[b]attery assembly and other tasks are part of the Production Tech['s] regular job functions," and "up to seven Production Tech employees worked on battery assembly during lag periods." Doc. No. 15, at 18. If permitted to

amend, Plaintiff contends she can allege facts demonstrating "that she was paid less than her similarly situated male comparators." *Id.*

Under Rule 15, leave to amend should be freely granted when justice requires. FED. R. CIV. P. 15(a)(2). The Court hereby grants Plaintiff leave to file an amended complaint, which shall be filed no later than Tuesday, April 21, 2015. Because amendment will supersede Plaintiff's Complaint and necessitate new pleading by Defendants, the Court declines to consider Defendants' remaining arguments at this time.

IT IS SO ORDERED this 7th day of April, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE